1  FRANK A. WEISER (#89780)
2  Attorney at Law
   3460 Wilshire Blvd., Ste. 1212
3  Los Angeles, California 90010
   (213) 384-6964  - (voice)
4  (213) 383-7368  - (fax)
5  maimons@aol.com - (e-mail)
6  Attorney for Plaintiff
7  KALPESH SOLANKI

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA
10

11  KALPESH SOLANKI,                    )  Case No.
12                                      )
13                                      )  COMPLAINT FOR
                                        )  DAMAGES; DECLARATORY
14                                      )  AND INJUNCTIVE RELIEF
                        Plaintiff,      )
15                                      )
16                                      )  [Violation of Federal
                                        )   Civil Rights - 42 U.S.C. Section 1983]
17                                      )
    vs.                                 )
18                                      )  DEMAND FOR JURY TRIAL
                                        )
19  CITY OF ONTARIO, a municipal        )
20  corporation; JAMES CARO; DONALD     )
    FLORES; DENNY CHEN; ROD LEE;        )
21  MATT MONTEITH;CITY OF ONTARIO       )
22  POLICE OFFICER ARANA SUED AS        )
    DOE 1; CITY OF ONTARIO POLICE       )
23  OFFICER BONILLA SUED AS  DOE 2;     )
    CITY OF ONTARIO  POLICE OFFICER     )
24  T. CHO SUED AS DOE 3; CITY OF       )
25  ONTARIO POLICE OFFICER MEDINA       )
    SUED AS DOE 4; CITY OF ONTARIO      )
26  POLICE GUERRERO  SUED AS            )
    DOE 5; OFFICER PENA SUED AS         )
27  DOE 6; AND DOES 7-10 INCLUSIVE,     )
28                                      )
                        Defendants.     )
    _____    )

                         1

Plaintiff KALPESH SOLANKI ("Plaintiff", or "KS") files this Complaint as and alleges as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3).  This action, which arises under the laws and Constitution of the United States, specifically, the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and involves violations of federal law actionable pursuant to 42 U.S.C. Section 1983.  State Suplemental Jurisdiction exists  28 U.S.C. Section 1367.

2.      Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendant CITY OF ONTARIO ("City"), is a public entity in this District, the individual defendants reside in this district, and the claims arose in this District.

## PARTIES

3.      Plaintiff is the owner and operator of a motel commonly know as the BEST ONTARIO INN located at 1045 W. Mission Blvd., Ontario, CA 91762 ("Motel"). .

4.      The City is a municipal corporation, created under its local charter and under the laws of the State of California.

5      The Defendant JAMES CARO ("Caro") is the City Buiding Department Official. The Defendant DONALD FLORES ("DF") is the City Senior Community Improvement Officer. The Defendant DENNY CHEN  ("DC") is the City Community Improvement Officer. The Defendant ROD LEE ("RL") is a City Community Improvement Officer. The Defendant MATT MONTEITH ("MM") is a City Community Improvement

Officer. The Defendant CITY OF ONTARIO POLICE OFFICER ARANA ("POA") is sued

as Doe 1 as his complete name unknown at this time. The Defendant CITY OF ONTARIO

POLICE OFFICER BONILLA ("POB") bearing a police badge number 80277 is sued as Doe

2 as his complete name unknown at this time.time. The Defendant CITY OF ONTARIO

POLICE OFFICER T. CHO ("TC") bearing a police badge number 20040 is sued as Doe 3

as his complete name unknown at this time.time. The Defendant CITY OF ONTARIO POLICE

OFFICER MEDINA ("POM") bearing a police badge number 80533 is sued as Doe 4 as his

complete name unknown at this time.time. The Defendant CITY OF ONTARIO POLICE

OFFICER GUERRERO ("POG") bearing a police badge number 80277 is sued as Doe 5 as

his complete name unknown at this time.time. The Defendant OFFICER PENA ("OP") is sued

as Doe 6 as his complete name unknown at this time. Said defendants and the City will also

be referred to collectively as "Defendants")

    6.  The true names and capacities, whether individual, corporate, associate

or otherwise, herein named as DOES 7 through 10, and persons heretofore unknown involved

in the actions taken against plaintiff are unknown to him at this time. Plaintiff is informed and

believes and based thereon allege that each of the DOE defendants is responsible in some

manner for the occurences herein referred to, and that plaintiff's injuries and damages as

herein alleged were proximately caused by those defendants. Plaintiff sues said defendants by

such fictitious names on the grounds that the true names and capacities of said defendants are

unknown to him at this time. Plaintiff will amend this complaint when the true names and

capacities of said DOE defendants are ascertained. Each reference in this complaint to

"defendant", "defendants" or a specifically named defendant also refers to defendants sued

under fictitious names.

## FACTS COMMON TO ALL CLAIMS

6.   On or about October 19, 2021, the City sent a Notice of Complaint ("Notice") to KS claiming that a guest was staying at the motel in excess of 30 days, an inoperative vehicle was parked on the property, graffiti, and other alleged minor matters dealing with graffiti, trash and debris and shopping baskets being located at the motel property.

7. KS is Asian-Indian and is a very successful owner and operator of hotel and motels in the Southern California area and maintains the highest standard in upkeep of his motel properties and is a leading member of various Asian-Indian associations and in the Asian-Indian community.

8.   The Notice sent to KS by the City was unfounded.

9.   In fact, the City has a serious homeless problem that has not sufficiently been addressed and a vast majority of homeless people who live in the City are indigent minorities.

10.   Asian-Indian motel owners in the City, including KS, have, and are providing safe and clean temporary shelter for the homeless but the City has adopted a policy, custom, or practice, to drive such homeless people from the City, and such a policy has now been reflected in the City prohibiting individuals reside at a hotel or a motel in excess of theirty days and assessing a transient occupancy tax on such individuals who do reside at a hotel or motel for any period of time, even though this is prohibited by California state law.

11.   On or about November 9, 2021, KS's attorney sent a letter to the City rejecting the Noticeand requesting immediate withdrawal of it. In doing so, KS made clear that he was standing on his federal constitutional rights and that he would not permit the City, or

its officials, to enter the motel property without a court ordered administrative warrant.

12.    In response to the November 9, 2021 sent by KS's attorney, the City did not attempt to inspect the motel and KS was not cited for code violations.

13.    On or about June 28, 2022, the City's Police Department went to the motel, without a warrant or consent of KS, and inspected the motel and contacted the City's Building Department concerning an alleged complaint of a collapsed ceiling in two units at the motel as a result of a water pipe leaking.

14.    On or about June 28, 2022, Caro went to the motel, without a warrant or consent of KS and inspected the motel and claimed that unpermitted construction was taking place in several units, and that the water damage from the leaking water pipe affected four units at the motel.

15.    The City then issued a Stop Work Order even though such damage is routinely fixed by other property owners in the City without issuing such an order.

16.    On or about July 12, 2022, DF went to the motel, without a warrant or or consent of KS and inspected the motel and claimed that the Stop Work Order was beng violated.

17.    At such time, DF requested from the motel's property managerto inspect all the units at motel.

18.    The motel manager refused to allow such an inspection pursuant to the November 9, 2021 letter as KS was standing on his constitutional right to deny such an inspection under the Fourth Amendment of the United States Constitution without a warrant.

19.    On or about July 12, 2022, a Notice of Need to Inspect was issued by the City to the motel manager.

20.     On July 13, 2022, the City obtained an administrative Inspection Warrant

("Warrant"), No. MISC 223360, pursuant to California Code of Civil Procedure section

1822.50, authorizing the City to inspect the motel.

21.     The warrant authorized the City to inspect the motel but was not an

abatement warrant that authorized closure of the motel.

22.     On or about July 15, 2022, the defendants, and each of them, came ointo

the motel and conducted an inspection claiming to find several substabdard conditions and

violations of the City code.

23.     KS disputes that there were any substandard conditions that would have

caused the motel to be declared as immediate danger to the life, limb, property or safety of the

publicor its occupants that would have required that the motel be ordered to be closed and

vacated.

24.     Nevertheless, Caro as the official who had final authority under the City's

code, ordered, without court order or consent of KS,  that the City post yellow tag notices to

vacate the motel, declaring the motel unsafe to occupy.

25.     In doing so, the defendants and each of them, vacated at the the same time

indigent minority individuals who were residing at the motel and permanently displaced them

from their units.

26.     Caro and the City did so in furtherance of the policy set forth in

paragraphs 9-10 above, and also in retaliation of KS's refusal to permit the City to inspect the

motel without a warrant.

27.     Other property owners in the City that City building officials have inspected and found claimed substandard code violations that are similar to the claimed violations alleged to have been found at the motel on July 15, 2022, were not yellow tagged and given a notice to vacate.

28.     On or about July 17, 2022, KS's attorney sent a letter to the City, which it received, requesting an immediate appeal of the yellow tage notices to vacate and closure of the motel for KS, and his on site motel managers BHARAT PATEL and JAYA PATEL (collectively "Patel").

29.     On July 20, 2022, Caro, who has final policy making authority under the City's municipal code, issued on behalf of the City a Notice and Order to Vacate, Secure, and Repair/Demolish the motel ("July 20, 2022 Notice").

30.     KS and Patel immediately appealed the July 20, 2022 Notice requesting once again an immediate appeal.

31.     The City did not provide a hearing date for KS and the Patel's appeal until October 3, 2022, scheduling an appeal for October 14, 2022, the day that KS was to fly to India on personal family matters to perform religious rites for his recently deceased father PRAFUL PATEL.

32.     The City refused to accomodate KS and reschedule the appeal to a date before October 14, 2022, further delaying the appeal process.

33.     On January 25, 2023, after KS had returned from India, the appeal hearing was held by the City's Building Appeals Bosrd ("Board"), and on February 22, 2023, the Board adopted Resolution No. BAB 2023-001 ("Resolution"), affirming the yellow tag notices posted on July 15, 2022, and affirming the July 20, 2022 Notice.

34. From the date of July 15, 2022 until the present, the motel has been closed as a result of the defendants' actions described in paragraphs 6-33 above.

35. From the date of July 15, 2022 until the present, KS has worked diligently to cooperate with Caro and his building officials, including DC, RL, MM, and City Building Official KLAUS DEGLUZMAN to have plans approved to issue a permit to commence work at the motel.

36. Despite the fact that KS provided all necessary plans months before the January 25, 2023 appeal hearing, it was only after the February 22, 2023 adoption of the Resolution that Caro and the City issued a permit to commence work at the motel.

37. Since the issuance of a permit to commence work at the motel, Caro and his building officials have refused to sign off and approve the work thaqt has been properly completed at the motel and refused to allow KS to reopen at least some of the motel units where the work has been completed.

38. After the February 22, 2023 adoption of the Resolution, the City sent KS notice that it intended to purchase the motel for private development pursuant to its redevelopment plan for the area.

39. The defendants actions described in paragraphs 6-37 above has significantly devalued the motel selling price because of its closure.

40. Further, in conducting the appeal, KS requested that the appeal be heard by an independent hearing officer to avoid bias or the appearance of bias in the appeal process as the Board members are unilaterally chosen and paid by the City to conduct such appeals.

Based on the above, KS alleges the following causes of action:

**FIRST CLAIM FOR RELIEF**

**(Violation of Civil Rights Under 42 U.S.C.**

**Section 1983 by Plaintiff Against All**

**Defendants)**

41.. Plaintiff realleges and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 40, and all its subparts, inclusive, as set forth hereinabove.

42. Plaintiff is informed and believes, and based upon such information and belief alleges, that in doing all of the things herein mentioned, defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Ontario and County of San Bernardino for purposes of "state action" under 42 U.S.C. Section 1983.

43. By taking the actions hereinabove alleged in paragraphs above, defendants, and each of them, violated the onstitutional and civil rights of plaintiff's, and in particular his right under the First Amendment Petition and Grievances Clause,; the Fourth Amendmentof the United States Constitution as said amendment is incorporated by the Fourteenth Amendment of the United States Constitution to be free from unreassonable searches and seizures; the Fifth Amendment Takings Clause, the substantive and procedural components of the Due Process Clause of the the Fourteenth Amendment of the United States Constitution and also in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution as similarly situated properties have not been subjected to the actions taken by the Defendants as described in paragraphs 1-40 above.

9

44.   Defendants City in engaging in the above-described conduct, in violating plaintiff's constitutional and civil rights as described above, acted according to official policy, custom and practice of the City, and the individual defendants are not entitled to qualified immunity..

45.   As a proximate result of the foregoing acts of defendants, and each of them, plaintiff has suffered and continues to suffer extreme hardship and damages, which damages include, but is not limited to, severe emotional distress and financial and business damages.. Plaintiff is informed and believe, and based upon such information and belief alleges, that the damages he has suffered and continues to incur is according to proof at trial but in a sum in not less than $10,000,000.00 and that he is also entitled to appropriate declaratory and injunctive relief. Plaintiff is also entitled to reasonable attorneys fees under 42 U.S.C. section 1988.

**SECOND CLAIM FOR RELIEF**

**(Petition for Writ of Mandate by**

**Plaintiff against Defendant City)**

46. Plaintiff realleges and incorporate herein by reference to each and every allegation contained in Paragraphs 1-45, and all its subparts, inclusive, as set forth hereinabove.

47. Plaintriff's state remedy in seeking review of the City Board's's Resolution is to seek mandamus review by way of this petition under California Code f Civil Procedure Section 1094.5.

48.   The City violated its duties under both state law and federal law, and specifically although not limited to, violated by adopting the Resolution and abused its

10

discretion by failing to proceed in a manner required by law, and without support of substantial and competent admissible evidence, and thus the decision of the City's Board  and to revoke the CUP on October 23, 2018 must be set aside.

49. . <u>Pullman</u> abstention is inappropriate as plaintiff are entitled under U.S. Supreme Court case law in <u>England v Louisiana State Board of Medical Examiners</u>, 375 U.S. 411 (1984) to file an <u>England</u> reservation that prevents preclusion of all the federal claims and, in addition, the petition under <u>California Code of Civil Procedure Section</u> 1094.5 is not given any preclusive effect by the Ninth Circuit as to plaintiffs' 42 U.S.C. Section 1983 claims.

WHEREFORE, Plaintiff  prays judgment against Defendants, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

1. For damages according to proof at trial, but not less than $10,000,000.00;

2. For appropriate declaratory and injunctive relief;

3. For reasonable attorneys fees;

### FOR ALL CLAIMS FOR RELIEF

4. For reasonable attorneys fees and costs of suit; and;

5. For such other and further relief as the Court

    deems just and proper.

DATED: April 21, 2023                LAW OFFICES OF FRANK A.
                                     WEISER

                                     /s/ Frank A. Weiser

                                     By:_____
                                     FRANK A. WEISER, Attorney for
                                     Plaintiff KALPESH SOLANKI

11

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial pursuant to F.R.C.P. 38.

DATED: April 21, 2023                LAW OFFICES OF FRANK A.
                                     WEISER

                                     /s/ Frank A. Weiser

                                     By:_____
                                     FRANK A. WEISER, Attorney for
                                     Plaintiff KALPESH SOLANKI

12